Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 505 | DATE | 8/9/2000 |
| CASE TITLE | USA ex rel VALDEZ vs. BATTLES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This case is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 10 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 AUG 10 AM 7:46 | 8/9/2000 date mailed notice |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PASQUAL VALADEZ,<br><br>Petitioner,<br><br>v.<br><br>JOHN C. BATTLES, Warden,<br><br>Respondent. | No. 00 CV 505 |

MEMORANDUM OPINION AND ORDER

AUG 10 2000

JAMES F. HOLDERMAN, District Judge:

Petitioner Pasqual Valadez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a bench trial in July of 1997, Valadez was convicted of first degree murder and attempted armed robbery, and was sentenced to a term of twenty-two years imprisonment. Valadez is currently in the custody of John C. Battles, Warden of the Illinois River Correctional Center, Canton, Illinois, and is identified as prisoner number K-57455. Valadez's petition for writ of habeas corpus contains eight claims for relief. For the following reasons, Valadez's petition for habeas relief is DENIED.

PROCEDURAL HISTORY

Petitioner appealed his conviction to the Illinois Appellate Court, First District. Petitioner's appellate counsel, the Public Defender of Cook County, filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Petitioner was provided with a copy of

1

the Anders brief and given an opportunity object. Petitioner filed written objections to his counsel's Anders motion with the appellate court, raising the following issues as grounds for appeal: (1) his sentence was excessive; (2) the state failed to prove him guilty under a theory of accountability; (3) the trial court erred by failing to allow defense counsel to cross-examine state witness Jesus Navarro regarding his bias; (4) the state committed a discovery and Brady violation when it failed to disclose a pending case against Jesus Navarro; (5) the trial court erred in considering out of court statements made by co-defendant Hector Vasquez in violation of petitioner's state and federal constitutional rights; (6) the trial court erred in denying petitioner's motion to suppress evidence; and (7) the trial court erred in admitting petitioner's confession because he did not speak English and a non-biased interpreter was not provided. The Illinois Appellate Court granted the public defenders's Anders motion and affirmed petitioner's conviction on August 19, 1999.

Petitioner filed a timely petition for leave to appeal to the Illinois Supreme Court pro se. In that petition, petitioner raised the same seven issues he raised in response to counsel's Anders motion on direct appeal, and added an eighth ground: that the appellate court abused its discretion when it allowed the public defender to withdraw and affirmed petitioner's conviction. Petitioner did not file a petition for post-conviction relief in the Circuit Court of Cook County.

On January 26, 2000, petitioner filed the instant petition for writ of habeas corpus with this court. Petitioner raises eight grounds for relief in his petition for habeas corpus. All eight grounds, labeled A through H, allege that petitioner's constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments were violated in the following ways: (A) the trial court erred when it imposed an excessive sentence of 22 years; (B) the state failed to prove the essential elements of accountability or accessoryship beyond a reasonable doubt; (C) the trial court erred in

2

not allowing petitioner's counsel to question a state's witness, Jesus Navarro, regarding his interest, motive, and bias; (D) the trial court erred in allowing the state to breach its duty to provide discovery concerning Jesus Navarro; (E) the trial court erred by considering out of court statements made by petitioner's co-defendants; (F) the trial court erred in denying petitioner's motion to squash arrest and suppress evidence; (G) the trial court erred in allowing the state to introduce an alleged confession made by defendant because it was given through a biased interpreter and petitioner was "misled" into signing the statement; and (H) the appellate court abused its discretion when it granted the public defender's <u>Anders</u> motion to withdraw as counsel for petitioner and affirmed petitioner's conviction.

On May 8, 2000, after the state had answered petitioner's original petition, petitioner filed a motion to amend his petition for habeas corpus. The amendment did not add any grounds for relief, but elaborated on the factual basis for each of the eight claims. This court granted petitioner's motion to amend on May 24, 2000. This court offered the state an opportunity to file an amended answer to the amended petition, but the state opted to stand on its original answer. On June 19, 2000, petitioner filed a response in opposition to the state's answer.

## STANDARDS OF REVIEW

Petitioner filed his petition for a writ of habeas corpus with this court on January 26, 2000. Accordingly, review of this petition is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under amended § 2254, in order for petitioner to demonstrate that a writ of habeas corpus should be granted, petitioner must show that the claim was adjudicated on the merits in state court and the claim either: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal

3

law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In reviewing a petition for a writ of habeas corpus, any determination of a factual issue made by a state court will be presumed to be correct unless petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioners for writs of habeas corpus must clear certain procedural hurdles. A writ of habeas corpus will not be granted unless petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b). This court also may not consider the merits of petitioner's claim if the claim has been procedurally defaulted. Momient-El v. DeTella, 118 F.3d 535, 542 (7th Cir. 1997). Procedural default can occur in one of two ways: (1) the petitioner may fail to raise an issue on direct or post-conviction review, Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); or (2) the state court may dispose of the claim on an independent and adequate state law ground, such as a state procedural bar for failure to properly present a claim. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991). If a claim is procedurally defaulted, petitioner may be granted a writ on the claim only if petitioner demonstrates cause sufficient to excuse the procedural default and actual prejudice resulting from a failure to obtain review of the merits. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497 (1977).

## ANALYSIS

I. Procedural Default

The state does not contend that petitioner has failed to exhaust any of the claims presented in his petition. The state does, however, contend that several of petitioner's claims are procedurally defaulted on two grounds: (1) the claims were not fairly presented to the state courts on direct

4

review, and (2) the Illinois Appellate Court disposed of the claims on the independent and adequate state ground of waiver. This court addresses the second ground for procedural default first.

    A.    <u>Procedural Default on Adequate and Independent State Grounds</u>

The state argues that the following claims are procedurally defaulted by the adequate and independent state ground of waiver: (1) petitioner's sentence was excessive, (2) the state failed to disclose information, (3) the trial court allowed inadmissible hearsay into evidence, and (4) the trial court erred in allowing petitioner's confession into evidence. The state contends that the Illinois Appellate Court expressly determined that petitioner had waived the excessive sentence claim by failing to file a post-sentencing motion, and that petitioner had waived the other claims by failing to object at trial. This court agrees, and finds that these four claims are barred from consideration in federal habeas corpus because they are procedurally defaulted under state law.

As for the excessive sentence claim, the Illinois Appellate Court found that petitioner had waived the claim by failing to file a post-sentencing motion. Rule 23 Order, Appellate Court of Illinois, First District, <u>People v. Valadez</u>, No. 97-2743 at 2. Regarding the discovery violation claim, the court stated "counsel did not object and was permitted to raise the issue of this pending case on cross-examination." <u>Id.</u> at 3. On the hearsay claim, the court stated that petitioner did not identify which statements were improperly admitted, and went on to state: "Further, defense counsel did not object any time . . . and therefore any claim of error as to his testimony is waived." <u>Id.</u> As to the confession, the appellate court stated: "Defendant has waived this issue because his confession was admitted without objection." <u>Id.</u> Under Illinois law, both a trial objection and a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial. See <u>People v. Enoch</u>, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). The Illinois Appellate Court did not

5

address or rely upon any federal grounds in rejecting petitioner's claims. Accordingly, petitioner has defaulted the claims pursuant to an independent and adequate state procedural rule. Federal habeas review of those claims, (1) excessive sentence (Ground A herein); (2) the state's discovery/Brady violation (Ground D herein); (3) trial court considered inadmissible hearsay (Ground E herein); and (4) trial court erred in considering confession taken without an independent interpreter (Ground G herein), is barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991).[1]

    B.    <u>Procedural Default by Failure to Fairly Present Claims to State Courts</u>

The second way in which claims may be procedurally defaulted is by failing to raise them on direct or post-conviction review. The state claims that petitioner has procedurally defaulted all of his remaining claims, with the exception of failure to prove guilt beyond a reasonable doubt, by failing to fairly present them to the Illinois courts. A habeas petitioner is required to provide the state courts with a fair opportunity to apply constitutional principals and correct any constitutional error committed by the trial court. United States ex. rel. Sullivan v. Fairman, 731 F.2d 450, 453 (7th Cir. 1984). In determining whether an issue has been fairly presented to a state court, courts have

---

[1] It should be noted that, even if these claims were not procedurally barred, petitioner has not alleged any manner in which the errors resulted in the violation of his constitutional rights. For example, in his confession claim, petitioner argues that he should have been provided an independent and unbiased interpreter, but he does not claim that the interpreter misunderstood or mis-transcribed his words. Nor does petitioner claim that the confession is untrue or that it was coerced. Rather, petitioner simply states that he was "misled" into signing the statement and was led to believe that he could go home if he signed it. Plaintiff's claim thus appears to be that he regrets giving the confession, not that it was involuntary or obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

6

looked to whether the petitioner's argument "(1) rel[ied] on pertinent federal cases; (2) rel[ied] on state cases applying constitutional analysis to a similar factual situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege[d] a pattern of facts that is well within the mainstream of constitutional litigation." Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir. 1992). "[T]he presence of any one of these factors . . . does not automatically avoid a waiver; the court must consider the facts of each case." Id. at 1474.

Of those claims which the Illinois Appellate Court found were not waived, petitioner did not present a single claim to the Illinois Appellate Court in his opposition to counsel's Anders brief which used the word "constitution" or cited to a constitutional provision. This court also nevertheless that petitioner did fairly present the claims that his constitutional rights were violated in the following ways to the Illinois state courts: (1) that the trial court erred in not allowing the defense to cross examine Jesus Navarro regarding his interest, motive, and bias; (2) that the arrest and seizure was illegal and evidence which resulted from the illegal seizure and arrest should have been suppressed; and (3) that the appellate court abused its discretion in granting the public defender's Anders motion to withdraw as counsel on direct appeal and affirming the decision of the trial court. Petitioner did not use the words "constitution," "constitutional," "Due Process," "Equal Protection," or the like, in his brief to the appellate court or petition for leave to appeal to the Illinois Supreme Court. Nevertheless, this court finds that petitioner did fairly present them to the Illinois courts because petitioner cited Illinois state cases interpreting federal law in support of those claims, and the claims present facts well within the mainstream of constitutional litigation and call to mind specific constitutional rights.

In summary, this court rejects the state's argument that the following claims have been

7

procedurally defaulted: (1) that the trial court erred in not allowing the defense to cross examine Jesus Navarro regarding his interest, motive, and bias (Ground C herein); (2) that the arrest and seizure were illegal and evidence which resulted from the illegal seizure and arrest should have been suppressed (Ground F herein); and (3) that the appellate court abused its discretion in granting the public defender's Anders motion to withdraw as counsel on direct appeal and in affirming the decision of the trial court (Ground H herein). Along with the claim that the state failed to prove petitioner guilty beyond a reasonable doubt (Ground B herein), which the state does not claim is defaulted, this leaves four claims with have not been procedurally defaulted. This court will address the merits of each of the four remaining claims.

C.  Cause and Prejudice for Procedurally Defaulted Claims -- Grounds A, D, E, and G

If a state court does not reach a federal issue because of a state procedural bar, that issue cannot be raised in a writ of habeas corpus to a federal court without a showing of cause and actual prejudice. Wainwright v. Sykes, 433 U.S. 72, 90-91, 97 S. Ct. 2497 (1977). In order for there to be sufficient cause, there must have been some external impediment that prevented petitioner from raising the claim. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986). If petitioner cannot demonstrate cause and prejudice, this court may review the claim only if necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991). A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of any new evidence. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851 (1995). The "miscarriage of justice" exception requires a colorable claim of actual innocence in addition to an allegation of a constitutional wrong. Sawyer v. Whitley, 505 U.S. 333, 339, 112 S. Ct. 2514 (1992).

Here, petitioner has made no showing of cause for his failure raise a contemporaneous objection to the admission of his confession and other evidence to the trial court and to object in a post-trial motion. Plaintiff was represented by counsel at trial, when he failed to object to the now-defaulted errors. Ineffective assistance of counsel may serve as cause for a procedural default. Precin v. United States, 23 F.3d 1215, 1218 (7th Cir. 1994). However, petitioner has not claimed that his trial counsel was ineffective in any manner, much less for failing to object to the admission of his confession. Finally, petitioner has not alleged nor presented any proof suggesting that his constitutional rights have actually been violated, or that he is actually innocent. As such, petitioner cannot show cause and prejudice for the failure to raise his excessive sentence, discovery violation, inadmissible hearsay, and confession claims to the state courts. As such, they are procedurally defaulted and cannot be considered by this court.

II. Merits of Non-Defaulted Claims B, C, F, and H

The first phrase of § 2254(d)(1), which authorizes habeas relief when the state court's decision is "contrary to" clearly established federal law as determined by the Supreme Court, pertains only to questions of law. Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S. Ct. 2059 (1997). Thus, federal courts are "free to express an independent opinion on all [constitutional] legal issues in the case." Lindh, 96 F.3d at 868-69. The second phrase of § 2254(d)(1), which authorizes habeas relief when the state court's decision "involved an unreasonable application" of clearly established federal law as determined by the Supreme Court, pertains to mixed questions of law and fact. Id. at 870. This phrase "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" Id. A state court's application of Supreme Court precedent is reasonable

if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). "[W]hen the constitutional question is a matter of degree, rather than concrete entitlements, a . . . responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support [a state court's] judgment." Lindh, 96 F.3d at 871. If a state court asks the "legally correct question [such as] whether the trial judge abused his discretion . . . [then] the fact-specific answer cannot be called 'unreasonable' even if it is wrong . . ." Id. at 876-77.

A. Claim B: Failure to Prove Guilt Beyond a Reasonable Doubt

Petitioner claims that the state failed to prove that he was accountable for the death of the victim under a theory of accessoriship or accountability beyond a reasonable doubt. Petitioner lists several alleged evidentiary errors in support of the claim. Those alleged errors are addressed and rejected other places in this opinion. Petitioner does not claim or allege any manner in which the alleged errors "so infected the entire trial that the resulting conviction violated due process," Cupp v. Naughton, 414 U.S. 141, 147, 94 S. Ct. 396 (1973), as required to secure habeas relief on the basis of erroneous state court evidentiary rulings. United States ex. rel. Lee v. Flannigan, 884 F. 2d 945, 952 (7th Cir. 1989). The appellate court reviewed the record in this case, including petitioner's counsel's Anders brief addressing the sufficiency of the evidence, and concluded that petitioner's claim is without arguable merit. The appellate court found that the state had shown that petitioner owned a distinctive automobile which had been seen leaving the scene of the crime, had gunshot residue on his hands at the time of his arrest shortly after the murder, and signed a confession admitting his participation in the crime. In light of such evidence, the appellate court was clearly reasonable in determining that petitioner had been proven guilty beyond a reasonable doubt.

10

B.  Claim C:  Trial Court Erred in Not Allowing the Defense to Cross Examine State Witness Jesus Navarro Regarding His Interest, Motive, and Bias.

Petitioner argues that the trial court deprived him of the right to confront witnesses brought against him by limiting the scope of his cross examination of Jesus Navarro. The Illinois Appellate Court addressed this issue and determined that the trial court only barred defense counsel from inquiring whether the state had filed a petition to forfeit Navarro's house, because such testimony was not relevant to the offenses in this case. Petitioner's counsel was permitted to (and did) question Navarro regarding his arrest in this case and about a case pending against Navarro. Petitioner does not identify a line of questioning which he was prohibited from pursuing by the trial court, or what the effect of that questioning would have been. The Illinois Appellate Court found that petitioner was given sufficient latitude to cross examine the government's witness, and petitioner offers this court no reason to believe that the state court's determination was unreasonable.

C.  Claim F:  Trial Court Erred in Denying Motion to Suppress Evidence Seized as a Result of Illegal Arrest and Seizure.

Petitioner argues that the arresting officers in his case had no probable cause to arrest him. The Illinois Appellate Court found that the trial court had based its motion on the credibility of the witnesses, and found no reason to disturb that judgment. Petitioner has likewise given this court no reason to disturb the judgment of the trial court. Petitioner was stopped shortly after the crime driving a distinctive automobile matching the description of the car that fled the scene of the crime, and had gunshot residue on his hands. Petitioner complains that he was detained longer than the two other men with him in the car, but such evidence does not go to whether the officers had probable cause for his arrest. Petitioner, once again, has given this court no reason to believe that the state trial and appellate courts' resolutions of this issue were unreasonable.

11

D.  Claim H: Appellate Court Abused its Discretion in Granting the Public Defender's Anders Motion to Withdraw as Counsel on Direct Appeal and in Affirming the Decision of the Trial Court.

Petitioner contends the Illinois Appellate Court erred in allowing his appellate counsel to withdraw without addressing all grounds for appeal. Anders requires that a specific process be observed before appointed appellate counsel is allowed to withdraw. First, appointed counsel is required to conduct a "conscientious examination" of the case. Anders v. California, 386 U.S. 738, 743, 87 S.Ct. 1396, 1399 (1967). If appointed counsel determines that an appeal would be wholly frivolous, counsel may request leave to withdraw. The request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. A copy of the brief must be given to the indigent appellant, who is given time to raise any points he chooses. Id. Upon receiving the brief, the appellate court must itself conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." Id. If the court disagrees with counsel, and concludes that there are nonfrivolous issues for appeal, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.

Petitioner's counsel began the Anders brief by stating: "A thorough analysis of the instant record-on-appeal resulted in a determination that no meritorious issues are generated by the record for assertion on appeal." Petitioner's appointed appellate counsel went on to address only the issue of sufficiency of the evidence in the Anders brief. However, petitioner was provided with a copy of the brief and given an opportunity to object to it. If there were other meritorious bases for appeal, the Illinois Appellate Court should not have allowed counsel to withdraw. Penson v. Ohio, 488 U.S. 75, 82, 109 S. Ct. 346 (1988). The appellate court was not allowed to decide any nonfrivolous issues without affording petitioner the assistance of counsel on appeal. Id. at 83, 109 S. Ct. at 351.

12

However, petitioner failed to present any nonfrivolous bases for appeal. The Illinois Appellate Court stated that it "carefully reviewed the record in this case and the aforesaid brief in compliance with the mandate of the Anders decision and f[ou]nd no issues of arguable merit." As this order and opinion has found, even a cursory examination of the relevant portions of the record reveals that petitioner's claims have no arguable merit. Petitioner failed to state the specific basis of his claims. Instead, petitioner claimed general errors, but did not state what evidence he believes was improperly allowed or how the errors resulted in the violation of his constitutional rights. It therefore follows that the Illinois Appellate Court did not unreasonably apply Anders or any other clearly established federal law in granting the public defender's Anders motion or in affirming the decision of the trial court.

## CONCLUSION

For the reasons stated, petitioner's claims A, D, E, and G in support of his motion for writ of habeas corpus are procedurally defaulted by an adequate and independent state procedural rule of waiver. Petitioner's remaining claims in support of the motion, B, C, F, and H, are without merit. Accordingly, petitioner's motion for writ of habeas corpus is DENIED. This case is dismissed in its entirety.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: August 9, 2000